## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**FLORIDA GAS TRANSMISSION
COMPANY, LLC,**

                          **Plaintiff,**

**-vs-**                                             **Case No.  6:10-cv-1266-Orl-18DAB**

**2.324 ACRES OF LAND (MORE OR LESS)
LOCATED IN ORANGE COUNTY,
FLORIDA, ORANGE COUNTY, COOPER-
ATHA-BARR CO. a/k/a is a dissolved
Florida corporation also known as The
Cooper-Atha-Bar Real Estate and Mortgage
Company, ET AL,**

                          **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**    **AMENDED MOTION FOR DEFAULT JUDGMENT
> AGAINST NUMEROUS DEFENDANTS (Doc. No. 116)**
>
> **FILED:**    **February 25, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without
> prejudice.

Plaintiff has filed a Complaint for Eminent Domain pursuant to the Natural Gas Act (15 U.S.C.

§ 717 et seq.). As part of its Complaint, Plaintiff identified numerous parties as interested or

potentially interested parties and has served a Notice of Condemnation upon these parties. Following

entry of a clerk's default as to some of these parties (Doc. No. 108), Plaintiff moved for a default judgment of condemnation against these Defendants, finding that any interests that these Defendants have in the subject property is condemned by Plaintiff.  The undersigned issued a Report and Recommendation to deny the motion, without prejudice (Doc. No. 112).  The Court reasoned that, as this action named numerous parties, a judgment against the defaulted defendants only would be an inappropriate piecemeal approach, disfavored by Rule 54(b), Federal Rules of Civil Procedure (Doc. No. 112). Moreover, the undersigned noted that Plaintiff failed to "identify whether any actual property interest is being effected by the condemnation judgment sought and, if so, whether compensation is due, as pled in the Complaint."  The District Judge adopted the recommendation, and denied the motion for entry of default judgment (Doc. No. 113), and this amended motion followed.  For the reasons set forth herein, it is again **respectfully recommended** that the motion be **denied.**

Plaintiff renews the motion, contending that it has reached agreements with certain Defendants, filed a motion to dismiss Defendant Elvina Joseph, and has served a Notice of Voluntary Dismissal against other Defendants.  Thus, "all of the Defendants named in the Petition have been dismissed , or are the subject of a Motion to Dismiss, or are the subject of Stipulated Final Judgment or are the subject of this Motion.  If the Court grants the relief requested in the referenced motions this suit will be concluded." (Doc. No. 116 at p. 4).  The docket, however, reflects that the District Judge has not granted all of the relief requested.  *See* Doc. No. 126, denying the Motion to Dismiss. As such, granting the instant motion will *not* conclude the litigation and the Court's earlier concerns remain unresolved.

Moreover, and most importantly, the instant motion contains the same defect noted in the original motion:  Plaintiff fails to identify whether any actual property interest is being affected by

the condemnation judgment sought and, if so, whether compensation is due, as pled in the Complaint. The Court is disinclined to recommend a judgment condemning a Defendant's interest in real property without any description of the actual property interest being condemned, and any showing of adequate compensation under the law.

For the reasons above, it is **recommended** that the motion be **denied, without prejudice** to renewal at the conclusion of the litigation, and only upon a complete showing of the actual property interest effected and compensation due with respect to *each* Defendant.   Should the motion be renewed, a proposed Order of Judgment should be tendered.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 16, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy